United States Courts
Southern District of Texas
FILED

DEC 0 7 2001

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONOCO INC. and CONOCO SPECIALTY PRODUCTS INC., | § § § | **H-01 4242** |
| v. | § § | CIVIL ACTION NO.: |
| ENERGY & ENVIRONMENTAL INTERNATIONAL, L.C., GERALD B. EATON, RONALD N. GRABOIS, MICHAEL MONAHAN, and GENERAL TECHNOLOGY APPLICATIONS, INC. | § § § § § § | JURY DEMANDED |

## COMPLAINT FOR
## PATENT INFRINGEMENT

### I.    PARTIES

1.1.    Plaintiff Conoco Inc. is a Delaware Corporation with offices and a principal place of business at 600 North Dairy Ashford, Houston, Texas 77079.

1.2.    Plaintiff Conoco Specialty Products Inc. ("CSPI") is a Delaware corporation with offices and a principal place of business at 600 North Dairy Ashford, Houston, Texas 77079. Conoco Inc. and CSPI are jointly referred to in this Complaint in the singular as "Conoco."

1.3.    Defendant Energy & Environmental International, L.C. ("EEI") is a Texas Limited Liability Company with offices and a principal place of business at 30025 FM 529, Brookshire, Texas 77423.

1.4.    Defendant Gerald B. Eaton is an individual residing at 16222 DeLozier St., Houston, Texas 77040, and is a member and manager of EEI.

1.5.    Defendant Ronald N. Grabois is an individual residing at 5202 Pebble Way Lane, Houston, Texas 77041, and is a member and manager of EEI.

1.6.    Defendant Michael Monahan is an individual residing at 23035 Lanham Drive, Katy, Texas 77450 and is a member and former manager of EEI.

1.7.    Defendant General Technology Applications, Inc. ("GTA") is a Virginia Corporation having a principal place of business at 7400 Gallerher Road, Gainsville, Virginia, is a member of EEI, and has licensed technology to EEI.

## II.    JURISDICTION, VENUE AND SERVICE OF PROCESS

2.1.    This is an action for patent infringement under Title 35 of the United States Code. This Court has original and exclusive subject matter jurisdiction of this action under 28 U.S.C. § 1338.

2.2.    Venue is proper in the Southern District of Texas, Houston Division.  28 U.S.C. § 1391.

2.3.    The Court has personal jurisdiction over each of the Defendants because they are either residents of and/or doing business in this judicial district, and/or have committed acts in this judicial district which are the subject of this complaint.

2.4.    EEI's registered agent for service of process is Defendant Gerald Eaton. Defendants EEI and Eaton may be served at either the address for EEI listed in paragraph 1.3 and or Eaton listed in paragraph 1.4.  Defendant Grabois may be served with process at either the address for EEI listed in paragraph 1.3 and/or his personal address listed in paragraph 1.5. Defendant Monahan may be served with process at his personal address listed in paragraph 1.6. Defendant GTA may be served by serving the Texas Secretary of State or by hand-delivery on the President, Vice-President or registered agent for GTA, by any disinterested person competent to perfect service of process who is greater than eighteen years of age.  Defendant GTA's

registered agent for service of process is Thomas T. Scambos who may be served at GTA's address recited in paragraph 1.7, above.

## III.    BACKGROUND OF THIS CONTROVERSY

3.1.    The technology at issue relates to drag reducing agents ("DRAs") which are injected into pipelines transporting oil, gas and related hydrocarbon fuels.  Several factors limit the amount of liquids which can flow through the pipeline, such as the diameter of the pipeline, friction between the internal surface of the pipeline and the liquids traveling through it, and turbulence of the liquids inside the pipeline.  DRAs can be injected into the liquids in the pipeline to reduce friction and as a result, reduce turbulence.  By using DRAs, the amount of liquid traveling through a pipeline can be increased.  By increasing the flow of liquids, the pipeline can be used more efficiently resulting in tremendous cost savings.

3.2.    Conoco is a pioneer and industry leader in the invention, manufacture and sale of DRAs.  Conoco pioneered the use of DRAs more than thirty years ago.  At that time, the DRAs used were referred to as "gel" DRAs because the material injected into the pipeline was a "gel." More recently, Conoco pioneered a new family of DRAs referred to as "suspension" DRAs because the drag reducing materials are suspended in a paste or slurry that is injected into pipelines.

3.3.    Suspension DRAs are an impressive improvement over gel DRAs.  Suspension DRAs can be injected without much of the complicated equipment required by gel DRAs and provide significant increases in drag reduction with greater efficiencies in the use of pipelines.

3.4.    EEI is a new entrant into the field of DRA technology.  EEI was founded, in part, by former Conoco technical and marketing employees.  Defendant Michael Monahan was a former engineer and technical manager working for Conoco on gel and suspension DRAs.

Defendant Ron Grabois was a former Conoco employee involved in marketing Conoco's gel and suspension DRAs.

3.5     Upon information and belief, EEI began offering to sell and selling DRA products in the year 2000.

3.6     Conoco owns by assignment the following U.S. patents:

| U.S. Patent No. | Title | Inventors | Issue Date |
|---|---|---|---|
| 5,244,937 | Stable Nonagglomerating Aqueous Suspension of Oil Soluble Polymeric Friction Reducers | Yung N. Lee and Will G. Adams | 09/14/93 |
| 5,504,131 | Solvent Free Oil Soluble Drag Reducing Polymer Suspension | Ken W. Smith, Leo V. Haynes, Debora F. Massouda | 04/02/96 |
| 5,504,132 | Solvent Free Oil Soluble Drag Reducing Polymer Suspension | Ken W. Smith, Leo V. Haynes, Debora F. Massouda | 04/02/96 |
| B1 5,376,697 | Drag Reducers for Flowing Hydrocarbons | Ray L. Johnston, Larry G. Fry | 06/02/98 |

3.7.    Conoco's U.S. Patent No. 5,244,937 is presumed to be and is valid and enforceable.

3.8     Conoco's U.S. Patent No. 5,504,131 is presumed to be and is valid and enforceable.

3.9.    Conoco's U.S. Patent No. 5,504,132 is presumed to be and is valid and enforceable.

3.10.   Conoco's U.S. Patent No. B1 5,376,697 is presumed to be and is valid and enforceable.

## IV.   CAUSES OF ACTION

### A.   U.S. Patent No. 5,244,937

4.1.   Upon information and belief, EEI is and has been infringing one or more claims of Conoco's U.S. Patent No. 5,244,937 by making, using, selling and/or offering to sell infringing DRAs.

4.2.   Upon information and belief, Defendant GTA and individual Defendants Eaton, Grabois and Monahan have actively aided and abetted EEI's infringement, have induced EEI's infringement, have directed and participated in EEI's infringement, have profited from EEI's infringement, have been the moving forces behind EEI's infringement and/or have conspired with EEI to infringe Conoco's U.S. Patent No. 5,244,937.

4.3.   Upon information and belief, the infringement of U.S. Patent No. 5,244,937 by Defendants EEI, GTA, Eaton, Grabois and Monahan is and has been willful.

### B.   U.S. Patent No. 5,504,131

4.4.   Upon information and belief, EEI is and has been infringing one or more claims of Conoco's U.S. Patent No. 5,504,131 by making, using, selling and/or offering to sell infringing DRAs.

4.5.   Upon information and belief, Defendant GTA and individual Defendants Eaton, Grabois and Monahan have actively aided and abetted EEI's infringement, have induced EEI's infringement, have directed and participated in EEI's infringement, have profited from EEI's infringement, have been the moving forces behind EEI's infringement and/or have conspired with EEI to infringe Conoco's U.S. Patent No. 5,504,131.

4.6.   Upon information and belief, the infringement of U.S. Patent No. 5,504,131 by Defendants EEI, GTA, Eaton, Grabois and Monahan is and has been willful.

### C.   U.S. Patent No. 5,504,132

4.7.    Upon information and belief, EEI is and has been infringing one or more claims of Conoco's U.S. Patent No. 5,504,132 by making, using, selling and/or offering to sell infringing DRAs.

4.8.    Upon information and belief, Defendant GTA and individual Defendants Eaton, Grabois and Monahan have actively aided and abetted EEI's infringement, have induced EEI's infringement, have directed and participated in EEI's infringement, have profited from EEI's infringement, have been the moving forces behind EEI's infringement and/or have conspired with EEI to infringe Conoco's U.S. Patent No. 5,504,132.

4.9.    Upon information and belief, the infringement of U.S. Patent No. 5,504,132 by Defendants EEI, GTA, Eaton, Grabois and Monahan is and has been willful.

### D.   U.S. Patent No. B1 5,376,697

4.10.   Upon information and belief, EEI is and has been infringing one or more claims of Conoco's U.S. Patent No. B1 5,376,697 by making, using, selling and/or offering to sell infringing DRAs.

4.11.   Upon information and belief, Defendant GTA and individual Defendants Eaton, Grabois and Monahan have actively aided and abetted EEI's infringement, have induced EEI's infringement, have directed and participated in EEI's infringement, have profited from EEI's infringement, have been the moving forces behind EEI's infringement and/or have conspired with EEI to infringe Conoco's U.S. Patent No. B1 5,376,697.

4.12.   Upon information and belief, the infringement of U.S. Patent No. B1 5,376,697 by Defendants EEI, GTA, Eaton, Grabois and Monahan is and has been willful.

## V.    RELIEF REQUESTED

5.1.    Conoco respectfully requests that the Court:

(a)    Preliminary and permanently enjoin the acts of infringement by Defendants EEI, GTA, Eaton, Grabois and Monahan as well as their agents, employees, officers, directors, and those acting in active concert with them;

(b)    Award Conoco actual damages, jointly and severally, against Defendants EEI, GTA, Eaton, Grabois and Monahan for the acts of infringement;

(c)    Treble the amount of damages awarded Conoco due to the willful infringement by Defendants EEI, GTA, Eaton, Grabois and Monahan;

(d)    Award attorney fees to Conoco as against Defendants EEI, GTA, Eaton, Grabois and Monahan due to the exceptional nature of this case; and

(e)    Award such other and further relief as the Court deems just.

## VI.    JURY DEMAND

A trial by jury is demanded.

Respectfully submitted,

By: _____

Jeffrey W. Tayon
Texas Bar No. 19749300
Fed. I.D. No. 414
Conley, Rose & Tayon
A Professional Corporation
600 Travis, Suite 1800
Houston, Texas 77002
Phone:  713/238-8000
Fax:  713/238-8008

OF COUNSEL:

Robert G. Krupka
Marcus E. Sernel
Jamie H. McDole
Kirkland & Ellis
200 East Randolph, Suite 5300
Chicago, Illinois 60601
Phone:  312/861-2000
Fax:  312/861-2200

ATTORNEYS FOR PLAINTIFF