O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **CONOCO, INC. and CONOCO SPECIALTY PRODUCTS, INC.,** | § § § § § | |
| **Plaintiffs,** | | |
| v. | § § § | **CIVIL ACTION NO. H-01-4242** |
| **ENERGY & ENVIRONMENTAL INTERNATIONAL, L.C., GERALD B. EATON, and RONALD N. GRABOIS,** | § § § § § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Conoco's Motion for Accounting and For Leave to Take Related Discovery (Dkt. #304)[1] and EEI's Motion to Stay Such Accounting and Discovery Pending Appeal (Dkt. #320).[2] The Court previously granted in part Conoco's motion to the extent that Conoco sought to conduct discovery to aid in the enforcement of the Court's Final Judgment and also to determine EEI's compliance with the Court's injunction. (Dkt. #323). Having considered the remaining issues presented in the motions, the record, and the applicable law, the Court is of the opinion that Conoco's Motion for Accounting and For Leave to Take Related Discovery should be GRANTED in part and DENIED in part, and EEI's Motion to Stay Such Accounting and Discovery Pending Appeal should be GRANTED, as explained below.

---

[1] On April 22, 2005, Conoco filed a Supplement to Its Motion for Accounting and For Leave to Take Related Discovery (Dkt. #313). In the supplement, Conoco raised new issues relating to EEI's alleged continuing infringement of Conoco's patent in violation of this Court's injunction. Since filing this supplement, Conoco has filed a separate motion for contempt that addresses the issue of continuing infringement. (Dkt. #328). Therefore, the Court will address the issues raises in Conoco's supplement at such time as the motion for contempt is considered.

[2] EEI's Motion to Stay Such Accounting and Discovery Pending Appeal was filed solely as an alternative to its position in opposition of Conoco's motion.

**Discussion**

In its motion, Conoco seeks to conduct an accounting of Defendant EEI's infringing sales activity for the time period prior to the entry of the Final Judgment on March 31, 2005, to allow for recovery of damages based on such activity. Conoco also seeks discovery relating to the requested accounting. In response, EEI argues first that this Court lacks subject matter jurisdiction to entertain Conoco's motion because EEI has filed a notice of appeal. Second, EEI maintains that even if this Court has jurisdiction, Conoco has waived its right to an accounting because Conoco never sought an accounting in its amended complaint or in the Joint Pretrial Order. In the alternative, EEI moves to have such accounting and related discovery stayed pending the appeal.

As to EEI's first argument regarding this Court's jurisdiction, the Court concludes that subject matter jurisdiction exists for the Court to consider Conoco's motion. In its motion, Conoco specifically requests that to the extent necessary its motion should be considered as a Rule 59 motion. *See* Dkt. #304, p. 2 n.1. As a Rule 59 motion, Conoco essentially seeks to have the Court alter or amend its Final Judgment to include infringing activity from the close of discovery in early 2004 to March 31, 2005—the date of the Final Judgment. The accounting and discovery requested relates to this period of time. Without consideration of the merits of Conoco's request or whether Conoco has waived such an accounting, the Court finds that Conoco's timely motion under Rule 59 unequivocally confers this Court with subject matter jurisdiction to entertain the motion. *See, e.g.*, FED. R. APP. P. 4(a) (listing timely request to alter or amend judgment under Rule 59 as motion tolling time to file an appeal).

The Court further finds that Conoco has not waived its request for such an accounting. Although EEI relies upon cases that place the burden on the plaintiff to specifically request an accounting in order to avoid a waiver, this Court concludes that the period of infringement for which Conoco seeks an accounting was clearly contemplated by Concoco's request in its complaint for

damages resulting from the Defendants' "respective acts of infringement." *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, at **52-54, Nos. CV-S-97-1383-EJW, CV-S-98-1462-EJW (D. Nev. Aug. 1, 2001) (concluding that no separate statement regarding an accounting was necessary where plaintiff noted in pretrial order that one of the issues to be tried was "the amount of damages"). Moreover, to the extent other courts have imposed a burden on the plaintiff to specifically request the accounting, this Court declines to follow this formal approach in this case in light of the undisputed nature of the continuing infringement.

Finally, EEI requests that any accounting and related discovery be stayed until after resolution of the appeal. As other courts have noted after granting similar requests for accountings, staying the order for the accounting pending appeal can help "[t]o avoid potentially unnecessary expenditures of time and money in preparing such an accounting . . . ." *Itron, Inc. v. Benghiat*, 2003 U.S. Dist. LEXIS 15039, at **32-33, Civ. No. 99-501 (D. Minn. Aug. 29, 2003); *see also Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1011 (D. Minn. 1995), *rev'd on other grounds*, 86 F.3d 1098 (Fed. Cir. 1996) (finding that plaintiff was entitled to accounting for sales during period not considered by jury, but reserving procedure until after appeal). The Court finds this reasoning persuasive and concludes that the accounting and related discovery requested by Conoco shall be stayed until after the appeal.

### Conclusion

For the reasons discussed above, Conoco's Motion for Accounting and For Leave to Take Related Discovery is GRANTED in part and DENIED in part. Conoco's motion is GRANTED in that this Court's March 31, 2005 Final Judgment shall be amended to include damages for any infringement from the close of discovery through the date of judgment. Conoco's motion, however, is DENIED to the extent it seeks to conduct the accounting and related discovery immediately. As such, EEI's Motion to Stay Such Accounting and Discovery Pending Appeal is GRANTED so that the accounting

and discovery shall be stayed until the appeal has been resolved.

It is so ORDERED.

Signed this 9th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE