O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CONOCO, INC. and CONOCO SPECIALTY PRODUCTS, INC., § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. H-01-4242 |
| § | |
| ENERGY & ENVIRONMENTAL INTERNATIONAL, L.C., GERALD B. EATON, and RONALD N. GRABOIS, § § § § § | |
| Defendants. § | |

## ORDER

Pending before the Court is Conoco's Emergency Motion to Find EEI and Its Officers in Contempt of the Court's Injunction (Dkt. #328). On June 17, 2005, the Court conducted a hearing at which Defendants were ordered to appear and show cause why they should not be held in contempt for failing to comply with the Court's Final Judgment entered March 31, 2005. During the hearing, the Court heard testimony from the following witnesses: Alan Ebert, the General Manager of Defendant Energy & Environmental International, L.C. ("EEI"); Gerald Eaton, President, member, and owner of EEI; Ronald N. Grabois, Sales Manager and member of EEI; and Dr. Yung Lee, co-inventor on the patent-in-suit and Manager of Engineering for Conoco Specialty Products.

## Discussion

In its motion, Conoco seeks a finding that EEI and its officers are in contempt of the Court's injunction imposed in the March 31, 2005 Final Judgment. In particular, Conoco maintains that EEI's "reformulated process" continues to infringe its '151 patent because of EEI's continued use of polyethylene ("PE") wax as a partitioning agent. According to Conoco, the use of PE wax infringes under the doctrine of equivalents in the same manner as the C30+ wax. Conoco contends that the

evidence presented during trial established that both PE wax and C30+ wax operate identically as partitioning agents. As a result, Conoco argues that EEI was aware that the continued use of PE wax, even after the removal of all of the C30+ wax, constituted infringement in violation of this Court's injunction. In response, EEI argues that the small amount of PE wax used in its reformulated process is not sufficient to serve as a partitioning agent so as to constitute an equivalent to the "fatty acid wax" requirement of the '151 patent. EEI also asserts that because Conoco did not offer this theory during the trial or seek findings on the potential infringing nature of the PE wax, Conoco should now be precluded from attempting to advance positions not previously offered.

In its Findings of Fact & Conclusions of Law ("FOF/COL") entered March 31, 2005, this Court specifically determined that "EEI's C30+ wax performs substantially the same function as the fatty acid wax partitioning agent (stearamides and other amide derivatives) described in claims 1-3 of the '151 patent in substantially the same way to achieve substantially the same result."[1] As a result of this finding of infringement under the doctrine of equivalents, the Court ordered that EEI "cease all manufacturing, offers for sale, and sales of its infringing HIPR slurry drag reducing agent product effective immediately."[2] The FOF/COL, however, did not specifically discuss the role of PE wax in EEI's manufacturing process. In fact, apart from listing PE wax as an ingredient in the infringing product's composition, the FOF/COL did not discuss the role of PE wax at all. In view of the fact that the FOF/COL did not directly address PE wax, the Court finds that a reasonable interpretation of the injunction imposed by the Court's Final Judgment would not lead EEI to believe continued use of the PE wax constituted infringement. As such, Conoco's motion must be DENIED.

---

[1] Dkt. #302, p. 25, ¶ 127.

[2] Dkt. #303.

Although the Court will not hold EEI and its officers in contempt at this point, the Court does find that extending its injunction to include any future use of the PE wax is appropriate. While Conoco did not originally seek specific findings on the infringing nature of PE wax, the Court notes that evidence presented both at trial and during the June 17, 2005 hearing supports the conclusion that PE wax is substantially the same as C30+. That is, the Court is satisfied that EEI's use of PE wax, in any amount, constitutes infringement of Conoco's '151 patent under the doctrine of equivalents.

### Conclusion

For the foregoing reasons, Conoco's Emergency Motion to Find EEI and Its Officers in Contempt of the Court's Injunction is DENIED. However, the Court hereby extends its previously imposed injunction to include the use of PE wax by EEI in the manufacture of its HIPR slurry drag reducing agent product.[3]

It is so ORDERED.

Signed this 23rd day of June, 2005.

                                                JOHN D. RAINEY
                                        UNITED STATES DISTRICT JUDGE

---

[3] At the conclusion of the June 17, 2005 hearing, EEI represented to the Court that it was in the process of manufacturing a batch of its product for shipment to one of its international customers. As the Court stated at the hearing, the extension of the injunction does not include this single batch of product.