UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CONOCO, INC. and CONOCO SPECIALTY PRODUCTS, INC.,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **CIVIL ACTION NO. H-01-4242** |
| **ENERGY & ENVIRONMENTAL INTERNATIONAL, L.C., GERALD B. EATON, and RONALD N. GRABOIS,** | § § § § § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Energy & Environmental International, L.C.'s ("EEI") Motion for Stay of Execution of the Final Judgment and of the Permanent Injunction Pending Appeal (Dkt. #309). Having considered the parties' arguments, the record, and the applicable law, the Court is of the opinion that the motion should be DENIED.

**Discussion**

In its motion, EEI seeks an order from the Court staying the execution of the final judgment by Conoco pending appeal. EEI also requests that the Court stay enforcement of the permanent injunction. To support its position, EEI offers four reasons that its requests should be granted. First, EEI contends that it has a substantial likelihood of prevailing on appeal. Second, EEI argues that it will suffer irreparable harm if execution of the judgment is not stayed. Third, EEI maintains that a stay pending appeal will not adversely affect Conoco. Finally, EEI asserts that the public interest will not be adversely affected by the entry of a stay pending appeal. The Court will address these reasons, as appropriate, below.

## I.  EEI's Request to Stay Execution of the Final Judgment

Federal Rule of Civil Procedure 62(d) authorizes a stay of execution of a judgment on appeal upon the posting by the judgment debtor of a supersedeas bond. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). In *Poplar Grove*, the Fifth Circuit explained that a court evaluating the amount of the bond requirement should consider the "whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay . . . ." *Id.* at 1191. Moreover, the Fifth Circuit in *Poplar Grove* noted that "[i]f a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Id*.

Two situations have been recognized as justifying departure from the usual requirement of a full security supersedeas bond. The first situation occurs when "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Id*. The second situation, and the one potentially implicated in this case, exists when "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." In such a case, "the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Id*.

Although EEI requests a stay of the execution of the final judgment, EEI does not meaningfully address the requirement imposed by Rule 62(d) that it post a supersedeas bond in order to effectuate a stay. Presumably, EEI's submission to the Court of a summary of its financial condition represents its position that posting a full supersedeas bond is not possible. In fact, EEI has not provided any

evidence of its ability to secure a bond for any amount—even an amount less than the full amount of the judgment. In lieu of a supersedeas bond, however, EEI's motion or its reply to Conoco's response does not suggest, recommend, or in any way address possibilities for posting some alternative or substitute security. Rather, at the Court's urging, and almost two and a half months after submitting its request for a stay, EEI has informally suggested by letter to the Court that it pledge its assets to Conoco pending appeal, and that Conoco would take title to those assets should Conoco prevail at the appellate stage. In that letter, EEI has also informally offered to escrow a certain percentage of its revenue from product sold for Conoco's benefit if EEI loses on appeal. Apart from these informal proposals, EEI appears to request a stay solely on the basis of its inability to satisfy the final judgment, Conoco's relative financial strength, and EEI's perception that it has a substantial likelihood of prevailing on appeal.

The Court notes that it is EEI's burden to demonstrate that posting a full bond is impossible and to propose a plan providing adequate security to the judgment creditor. *See Poplar Grove*, 600 F.2d at 1191; *see also Holland v. Law*, 35 F. Supp.2d 505, 506 (S.D.W.Va. 1999) ("Defendant's motion for stay is fatally flawed as she has not proposed a plan to provide security by way of supersedeas bond that adequately protects the interest of the plaintiffs.").[1] While the Court is satisfied that it will likely be impossible for EEI to post the full supersedeas bond, EEI has not satisfied its burden of establishing an alternative form of security to protect Conoco's judgment interests. Despite the informal proposal to pledge its assets and escrow a percentage of its revenue, EEI has not

---

[1] For additional examples of courts describing appellant's burden, *see Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1149 (S.D. Ind. 1996) ("It is [the judgment debtor]'s burden to demonstrate that posting a full bond is impossible or impracticable, and to propose a plan that will provide adequate security for the appellee."); *U.S. v. Kurtz*, 528 F.Supp. 1113, 1115 (E.D. Pa.1981) ("It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical; likewise, it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee."); *Bank of Nova Scotia v. Pemberton*, 964 F. Supp. 189, 192 (D.V.I. 1997) (same).

indicated the extent to which its assets are already encumbered. In fact, the financial summary provided by EEI clearly indicates that the company has outstanding loans in amounts that far exceed the value of the assets that it has proposed to pledge. As a result, even EEI's informal proposal fails to provide the Court with a clear alternative to the requirement of Rule 62(d). Thus, EEI's request to stay the execution of the judgment under Rule 62(d) must be DENIED at this time.[2]

## II. EEI's Request to Stay Execution of the Permanent Injunction

EEI also requests a stay of the permanent injunction imposed by the Court.[3] Unlike EEI's request for a stay of the monetary judgment under Rule 62(d), requests for stays of injunctive relief under Rule 62(c) are governed by the four-factor test articulated by the United States Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770 (1987).[4] Under this test, the four factors to be considered in

---

[2] Although the Court denies EEI's request at this time, it notes that it is not persuaded by the position advanced by Conoco that "substitute security" in lieu of a full supersedeas bond requires an alternative that accounts for the full amount of the monetary judgment. While some other form of security must adequately account for the judgment creditor's interests, the interests of the judgment creditor only exist to the extent the judgment debtor has the ability to satisfy the judgment at that time. In other words, adequate protection other than a full supersedeas bond would be that which ensures Conoco that the amount of the judgment that Conoco could collect at present remains the same at the conclusion of the appeal. *See, e.g.*, *Waffenschmidt v. MacKay*, 763 F.2d 711, 727 (5th Cir. 1985) (acknowledging with approval the lower court's decision that judgment debtor's pledge of all unencumbered assets, which were valued at significantly less than the judgment amount, could serve as sufficient collateral for stay); *Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J. concurring) ("When the judgment debtor lacks the assets or credit necessary to pay at once and in full, this means that the judge should give the creditor less than complete security."); *Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 193-94 (E.D.Va. 1999) ("In other words, any security or bond offered by defendants in this case should simply reflect and preserve defendants' current ability to satisfy the judgment.").

[3] The Court previously indicated at the conclusion of the June 17, 2005 contempt hearing that EEI's request to stay the injunction would be denied. The Court's decision was based in part on the reasons announced during the hearing, as well as the Court's June 23, 2005 Order, which denied Conoco's motion for contempt, but extended the previously imposed injunction to include the use of PE wax by EEI in the manufacture of its HIPR slurry drag reducing agent product.

[4] Although the Court applies the four-factor test only in the context of EEI's request for a stay of the injunction, the Court notes that much of the analysis also applies to the denial of EEI's

4

deciding whether to issue a stay under Rule 62(c) are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton*, 481 U.S. at 776. EEI submits that these four factors weigh in its favor. The Court disagrees.

First, EEI asserts that it has a substantial likelihood of prevailing on appeal. In support of this position, EEI offers several legal arguments that have already been briefed, considered, and rejected by the Court at various points during the course of this lawsuit. As such, the Court declines to address the specific points again. Furthermore, the Court notes that the standard under this first element is not satisfied by a "motion [that] merely incorporates the arguments and authorities [the movant] raised during and after trial." *See Staley v. Harris County*, *Texas*, 332 F. Supp. 2d 1041, 1043 (S.D. Tex. 2004). Therefore, although the reviewing court may ultimately disagree with the conclusions reached in this case based on the arguments outlined in EEI's motion, this Court cannot conclude that EEI has met its burden of making a "strong showing that [it] is likely to succeed on the merits." *Hilton*, 481 U.S. at 776.

Second, EEI argues that it will suffer irreparable harm without a stay because it will be forced, at a minimum, to seek bankruptcy protection, and may face possible extinction. While the Court recognizes that bankruptcy is a possibility for EEI, such a result would more likely stem from Conoco's execution of the monetary judgment. As the Court has already explained, however, the decision to stay the execution of a monetary judgment is governed by a different standard, which EEI has not satisfied at present. As a result, denying a stay of the injunction would likely not be the actual cause of the possible impending bankruptcy. Finally, according to indications from EEI both during

---

request to stay execution of the monetary judgment.

the contempt proceeding, as well as in its informal proposals of alternative security, EEI clearly intends to develop, manufacture, and sell a non-infringing product. Thus, any claim that EEI will suffer irreparable harm as a result of the injunction is undermined by the clear indications that EEI seeks to continue to manufacture the slurry drag reducing agent product in a non-infringing manner.

Third, the Court finds that EEI's continuing infringement would adversely affect Conoco. In particular, given EEI's current financial situation, the Court believes that Conoco's concern is well-founded that EEI would not be able to properly account for any continued infringement should EEI not prevail on appeal. That is, even if EEI were granted a stay of the injunction and execution of the money judgment, and allowed to continue to manufacture an infringing product pending the outcome of the appeal, there is a strong possibility that Conoco could suffer additional non-compensable losses should Conoco prevail. As the prevailing party in this lawsuit, which has been pending for more than three and a half years, Conoco has earned the right to avoid more damages that it may not have the opportunity to recoup.

Finally, the Court notes that the public interest factor does not heavily favor either EEI or Conoco's position. Namely, there are valid and competing public interests on both sides of this issue. In favor of granting EEI's request, the public certainly has an interest in the solvency of a company should EEI ultimately prevail on appeal, and also in preserving a party's right to appellate review. For Conoco, there is a strong public interest in the enforcement of the country's intellectual property laws, as well as a party's right to protect its interest in an existing judgment while the opposing party prosecutes its appeal. Viewing all of the factors together, and taking into consideration the reasons previously announced at the contempt proceeding and in the Court's June 23, 2005 Order, the Court concludes that EEI's request to stay enforcement of the permanent injunction must be DENIED.

## Conclusion

For the foregoing reasons, EEI's Motion for Stay of Execution of the Final Judgment and of the Permanent Injunction Pending Appeal is DENIED. The Court also notes that the motion is denied

without prejudice to EEI to re-urge its request to stay execution of the monetary judgment at such time as an adequate alternative to posting a full supersedeas bond is proposed. As requested by EEI, the execution of the final judgment will be stayed for a period of fourteen (14) days from the date of this order during which time EEI may either re-urge its request in compliance with this Court's direction or file a motion to stay with the court of appeals.

    It is so ORDERED.

    Signed this 9th day of August, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE