# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CONOCO, INC. and CONOCO SPECIALTY PRODUCTS, INC., | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | CIVIL ACTION NO. H-01-4242 |
| ENERGY & ENVIRONMENTAL INTERNATIONAL, L.C., GERALD B. EATON, and RONALD N. GRABOIS, | § § § § | |
| **Defendants.** | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Energy & Environmental International, L.C.'s ("EEI") Motion for Reconsideration of the Order Entered August 10, 2005 and Motion to Accept EEI's Proffer of Alternative Security Pending Appeal (Dkt. #349). Having considered the parties' arguments, the record, and the applicable law, the Court is of the opinion that the Motion for Reconsideration should be GRANTED in part and DENIED in part, and the Motion to Accept EEI's Proffer of Alternative Security Pending Appeal should be GRANTED.

### Discussion

In its August 10, 2005 Memorandum and Order ("M&O"), this Court determined that EEI had not satisfied its burden of providing a clear alternative to the requirement of Rule 62(d) that it post a supersedeas bond to protect Conoco's judgment interest pending appeal. As a result, the Court denied EEI's request to stay the execution of the monetary judgment, but did so without prejudice to EEI to re-urge its request in compliance with the Court's direction. In its earlier M&O, the Court also denied EEI's request for a stay of the permanent injunction. That portion of the

Court's decision relating to the injunction, as well as the Court's earlier conclusion that EEI's informal proposals of alternative security were deficient, will not be reconsidered. To that extent, EEI's Motion for Reconsideration of the Order Entered August 10, 2005 is DENIED in part. In light of EEI's current formal proposals for alternative security, however, the Court will reconsider the ultimate conclusion of the August 10, 2005 M&O to deny EEI a stay of the execution of the final judgment. In this regard, EEI's motion to reconsider is GRANTED in part.

In this case, the Court concludes that "[EEI]'s present financial condition is such that the posting of a full bond would impose an undue financial burden." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Indeed, the Court is satisfied that EEI cannot obtain a supersedeas bond in the necessary amount, which, given EEI's current financial status, would mean that Conoco's execution of the judgment would likely result in EEI filing for bankruptcy. In light of this probable result and considering the difficult issues to be decided on appeal, the Court finds that departing from the usual requirement of a full security supersedeas bond is appropriate provided that EEI's alternative proposal provides adequate protection to Conoco's judgment interests. *See id.*

As this Court has explained, adequate protection other than a full supersedeas bond would be that which ensures Conoco that the amount of the judgment that Conoco could collect at present remains the same at the conclusion of the appeal.[1] Although EEI had, prior to the Court's earlier

---

[1]*See* Dkt. #348 n. 2 (citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 727 (5th Cir. 1985) (acknowledging with approval the lower court's decision that judgment debtor's pledge of all unencumbered assets, which were valued at significantly less than the judgment amount, could serve as sufficient collateral for stay); *Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J. concurring) ("When the judgment debtor lacks the assets or credit necessary to pay at once and in full, this means that the judge should give the creditor less than complete security."); *Alexander v. Chesapeake, Potomac, & Tidewater*

M&O, informally offered to pledge all of its assets and escrow a percentage of its revenue from future sales, the Court noted that EEI's proposals were insufficient because the Court was unable to determine the extent to which EEI's assets were already encumbered.  EEI has now provided an Asset and Valuation Summary, which individually lists all of EEI's unencumbered physical assets with a corresponding value for each item.  The total value of all of these combined physical assets is approximately $709,000.  Given the financial information submitted by EEI, it appears that any attempt by Conoco to execute its judgment would result in satisfaction of the judgment only to the extent that Conoco could foreclose on the physical assets noted above.[2]  That is, other than EEI's physical assets, EEI has no other apparent resources with which to pay the $8.895 million judgment. Accordingly, the Court is satisfied that adequate protection as an alternative to requiring a full supersedeas bond would be that which guarantees Conoco's security interest in all of the physical assets that EEI currently owns.

EEI has formally offered to pledge all of the unencumbered physical assets discussed above. As to these assets, EEI has agreed to an order that enjoins EEI pending appeal from disposing of its physical assets.  Furthermore, EEI has offered to fund an escrow account at the rate of 60¢ per gallon of slurry drag reducing agent sold by EEI since April 1, 2005, the day of the Final Judgment in this

---

*Books, Inc.*, 190 F.R.D. 190, 193-94 (E.D.Va. 1999) ("In other words, any security or bond offered by defendants in this case should simply reflect and preserve defendants' current ability to satisfy the judgment.")).

[2]Conoco correctly notes that Texas law provides that a certified copy or abstract of the judgment that is properly recorded operates as a lien on EEI's real property, even property acquired after the lien is perfected.  *See* Tex. Prop. Code §§ 12.013, 52.001.  Although the Court assumes that Conoco will avail itself of this protection, the Court also notes that EEI's pledge of all of its physical assets affords Conoco a greater security interest than that provided under Texas law because the scope of the security interest goes beyond real property.

3

case.  Conoco argues that such an offer by EEI to escrow a percentage of revenue would be essentially worthless because EEI is unable to produce a viable, non-infringing product.  Although Conoco may, in fact, be correct, the Court simply notes that Conoco can only benefit from EEI's offer to escrow future revenue.  As such, the Court concludes that EEI has satisfied its burden of providing for alternative security to protect Conoco's interest in the final judgment.

### Conclusion

For the foregoing reasons, EEI's Motion for Reconsideration of the Order Entered August 10, 2005 is GRANTED in part and DENIED in part, and the Motion to Accept EEI's Proffer of Alternative Security Pending Appeal is GRANTED.  The execution of the final judgment in this case is hereby stayed.  The Court will issue an order specifying the documents and terms required for compliance with this order.  Both parties are ORDERED to communicate and attempt to agree on language to be placed in the  order.  If no agreement can be reached on language for the order, each party shall submit within ten (10) days from the date of this Order a proposed version of the order for consideration by the Court.

It is so ORDERED.

Signed this 7th day of September, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE