UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONOCO, INC. and CONOCO SPECIALTY PRODUCTS, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-01-4242 |
| ENERGY & ENVIRONMENTAL INTERNATIONAL, L.C., GERALD B. EATON, RONALD N. GRABOIS, and MICHAEL MONAHAN, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs Conoco, Inc.'s and Conoco Specialty Products, Inc.'s (collectively "Conoco") Motion for Attorneys' Fees and Costs (Dkt. #311). After considering the parties' arguments and the applicable law, the Court is of the opinion that the pending motion should be GRANTED in part and DENIED in part.

**DISCUSSION**

As the prevailing party pursuant to this Court's March 31, 2005 Final Judgment (Dkt. #303), Conoco has moved the Court for an award of its taxable costs under Federal Rule of Civil Procedure 54(d), as well as attorneys' fees under 35 U.S.C. § 285. Defendant, Energy and Environmental International, L.C. ("EEI"), poses objections to many of the expenses claimed by Conoco in its request for costs, and also opposes the request for attorneys' fees. The Court will address each issue below.

**I.     Costs Under Rule 54(d)(1)**

Conoco seeks recovery of costs in the amount of $547,225.06, including $263,342.17 for experts. Unless a court otherwise directs, costs are awarded to a prevailing party as a matter of course pursuant to Federal Rule of Civil Procedure 54(d). The express provisions of 28 U.S.C. § 1920, however, limit a court's discretion in taxing costs against the unsuccessful party. The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).[1] The statute enumerates the following recoverable costs:

(1)   Fees of the clerk and marshal;
(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)   Docket fees under section 1923 ···;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 . . . .

28 U.S.C. § 1920.

Of the amount requested by Conoco, $263,342.17 is for experts. The Supreme Court has explained that the interrelation of Rule 54(d)(1) (relating to costs other than attorneys' fees), 28 U.S.C. § 1920 (listing "costs" that may be taxed by a federal court), and 28 U.S.C. § 1821 (authorizing per diem and travel expenses for witnesses) means that expert witness fees in excess of the standard witness per diem and travel allowances cannot be taxed in the absence of express

---

[1]The Federal Circuit has explained that it is the law of the regional circuit that governs the analysis of whether the prevailing party should be awarded costs pursuant to Rule 54. *See Power Mosfet Techs. L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004).

statutory authority to the contrary. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987);[2] *see also Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404-05 (5th Cir. 2002) Conoco does not point to any express statutory authority to support their request. Thus, the amount requested for expert fees must be disallowed.

After the $263,342.17 requested for experts is deducted, the remaining expenses not related to experts total $283,882.89. EEI objects to the following expenses contained in Exhibit F of Conoco's motion: expenses relating to telephone ($3,328.93), fax telephone charge ($109.31), fax charge ($2,364.44), binding ($26.25), tab/indexes/dividers ($429.22), bates labels/print ($27.00), exhibit labels ($68.40), scanned images ($567.82), postage ($72.85), overnight delivery ($8,675.35), outside messenger services ($129.87), local travel ($325.25), travel expenses ($41,031.08), airfare ($34,470.89), transportation to/from airport ($2,275.66), travel meals ($6,382.78), car rental ($541.63), other travel expenses ($795.55), calendar/court services ($147.55), US local counsel fees ($2,104.17), expert fees-meals ($14.91), professional fees ($8,974.66), investigators ($402.44), other trial expenses ($29.40), outside computer services ($300.00), working meals/K&E only ($132.06), working meals/K&E and others ($1,432.32), information broker doc/svcs ($693.49), library document procurement ($279.90), computer database research ($12,028.10), overtime transportation

---

[2]As the Fifth Circuit has explained, the wording of Rule 54(d)(1) has been slightly amended since *Crawford*, "[b]ut the operative language remains substantially the same in pertinent part." *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 405 n.16 (5th Cir. 2002) In relevant part, current Rule 54(d)(1) reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The *Crawford* Court explained that § 1920 defines "costs" as used in Rule 54(d)(1) and enumerates the expenses that a federal court may tax as costs. *Tyler*, 304 F.3d at 405 n.16 (citing *Crawford*, 107 S.Ct. at 2497). Section 1920 permits compensation for expert witnesses only when those witnesses are appointed by the court. 28 U.S.C. § 1920(6).

($543.86), overtime meals ($96.00), overtime meals-attorney ($449.76), secretarial overtime ($342.91), word processing overtime ($331.60), other disbursements ($125.00), and miscellaneous office expense ($62.50). The total of the above expenses amounts to $130,112.91. Additionally, EEI objects to the following expenses contained in Exhibit C of Conoco's motion as costs not authorized under 28 U.S.C. § 1920: airfare and travel ($3,777.40), facsimile charges ($1,852.00), long distance ($1,409.96), postage, courier and Fed EX ($6,052.36), and working meals ($4,037.62). The total of these expenses amounts to $17,129.34. According to EEI, the expenses listed above are not authorized under 28 U.S.C. § 1920, and therefore, are not eligible for recovery by Conoco under Rule 54(d). The Court agrees. Thus, the costs will be disallowed.

EEI also challenges the $91,971.41 in copying charges sought by Conoco.[3] According to EEI, the copying costs should be disallowed because they are excessive and also because Conoco has not demonstrated that these charges were necessarily obtained for use in this case. Costs of photocopies obtained for use in the litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Although the prevailing party need not "identify every xerox copy made for use in the course of the legal proceedings," it must demonstrate some nexus between the costs incurred and the litigation. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). One of the factors considered by the *Fogleman* court was whether an itemized breakdown of the copying costs is provided in the document supporting the request for costs. *Id.* Without an itemized breakdown, the court explained

---

[3]The $91,971.41 is comprised of the following: Exhibit F contains expense entries for standard copies ($29,604.64), color copies ($3,344.88), oversized copies ($67.50), and outside copy/binding services ($37,851.52); and Exhibit C contains an expense entry for copying charges ($21,102.87).

that it was "impossible to tell to what extent copies charged to [the other party] were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel." *Id*. As in *Fogleman*, Conoco has failed to itemize the copies and other related copying services so that this Court could evaluate whether the copies were necessary. Even in its reply brief, Conoco merely urges the Court to "recall the huge number of pleadings that were filed in this case . . ." While the Court certainly agrees that many documents were filed during the course of this lawsuit, Conoco has simply failed to satisfy its burden of showing necessity. As a result, the $91,971.41 in copying expenses and other copying related costs must also be disallowed.

Next, EEI asserts that "trial preparation" expenses in the amount of $18,001.46 contained in Exhibit C are not allowable under 28 U.S.C. § 1920 and further that there is no evidence that these costs were necessary, as opposed to being incurred simply for the convenience of counsel. The Court agrees. The total description of this expense amounts to the following: "Trial Preparation (i.e. Legal Media)". The Court cannot conclude from this description what the claimed expense actually involved—much less whether the expense represents a cost necessarily obtained or incurred for the prosecution of Conoco's case. Thus, this figure will be disallowed.

Finally, EEI challenges the $17,179.42 expense contained in Exhibit F for "court reporter fee/deposition" and the $3,161.44 expense from Exhibit C for "depositions." EEI contends that Conoco has failed to prove that the depositions were necessary. Given the number of depositions that were used during the trial of this case, however, the Court concludes that the amounts claimed do constitute reasonable expenses that were necessarily obtained for use in this case. As such, the Court will allow these costs.

Except for the costs and expenses disallowed above, the Court concludes that all other costs

and expenses sought by Conoco under Rule 54(d) should be allowed. After the appropriate adjustments are made, the Court finds that Conoco is entitled to $26,667.77 in taxable costs under Rule 54.

## II.     Attorneys' Fees

Conoco also seeks $2,557,130.25 in attorneys' fees as an award under 35 U.S.C. § 285 and 28 U.S.C. § 1927. Under 35 U.S.C. § 285, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees is a two-step process. *See Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003). First, the court must determine whether a case is exceptional, a factual determination reviewed for clear error. *Id*. After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate, a determination that is reviewed under the abuse of discretion standard. *Id*. "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002).

In addition to awarding fees pursuant to section 285, a court may award fees and costs against an attorney pursuant to 28 U.S.C. § 1927, if the attorney "vexatiously" and "unreasonably" multiplied the proceedings. *See Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998); *see also Phonometrics*, 350 F.3d at 1246 (holding that in a patent case an award of sanctions under section 1927 is governed by the law of the regional Circuit). "Underlying the sanctions provided in . . . § 1927 is the recognition that frivolous . . . arguments waste scarce judicial resources

and increase legal fees charged to parties." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995). However, because § 1927 sanctions are "penal in nature, and in order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed." *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994) (internal citations omitted).

The Court concludes that the applicable standards are not satisfied in this case for an award of attorneys' fees under either 35 U.S.C. § 285 or 28 U.S.C. § 1927. First, the Court notes that it did not find willful infringement on the part of EEI, which, while not dispositive, is certainly a major factor and one that weighs heavily in this Court's determination. Second, this Court considered, and indeed awarded Conoco attorneys' fees as a result of EEI's failure to comply with certain discovery deadlines. While the Court is aware that some conduct on the part of EEI during the course of this lawsuit exceeded specific court orders, the Court attempted to remedy those transgressions at the time they occurred. Moreover, as the Court has indicated previously, the legal issues in this case were, and continue to be, complex and difficult to resolve. Conoco notes that the Court found certain EEI witnesses not to be credible on specific issues; however, this Court is called upon to make credibility determinations in virtually every case in which it sits as a fact finder. These determinations often dictate, at least in part, which party ultimately prevails so that a judgment frequently represents the price a party pays after credibility determinations are resolved against its witnesses. Here, this Court determined that Conoco prevailed, and ultimately awarded it a judgment in the amount of nearly $9 million.

Viewing the lawsuit as a whole, the Court agrees that it was at times conducted in an inefficient manner that was certainly frustrating to both of the parties and the Court—which had to resolve numerous objections and motions in the weeks preceding the trial. Not all of these

7

frustrations, however, were the responsibility of EEI, and the Court recalls expressing its dissatisfaction with both parties at various points. As is often the case in litigation, particularly where the issues are complex and so much is at stake, both Conoco and EEI fought bitterly at every turn. In the end, there can be no doubt that this case was exceptional in many ways, but the Court cannot conclude that it was "exceptional" for the purposes of satisfying 35 U.S.C. § 285. That is, the Court is not satisfied that "clear and convincing evidence" demonstrates that "it would be *grossly unjust* that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear." *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1365 (Fed. Cir. 1990) (citations omitted) (emphasis in original). Absent a finding that this lawsuit represented an exceptional case under 35 U.S.C. § 285, and given its own view of the attorneys' conduct in handling of the case,[4] the Court is also not inclined to award fees under 28 U.S.C. § 1927.

## CONCLUSION

For the foregoing reasons, Conoco's Motion for Attorneys' Fees and Costs is GRANTED in part and DENIED in part.

It is so ORDERED.

Signed this 22nd day of March, 2006.

*John D. Rainey*
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[4] Of course, this does not mean that the Court condones all of the conduct by all attorneys involved in this case, only that any questionable conduct does not rise to the level contemplated by § 1927.